# In The United States Court of Federal Claims

No. 00-512L

(Filed: January 19, 2010)
_____

| | | |
|---|---|---|
| PETRO-HUNT, L.L.C., | * | |
| | * | Takings case; Motion seeking entry of |
| Plaintiff, | * | judgment as to fewer than all claims under |
| | * | RCFC 54(b); Delay not alleviated by |
| v. | * | immediate appeal; Alternative motion |
| | * | seeking certification of interlocutory appeal |
| THE UNITED STATES, | * | under 28 U.S.C. § 1292(d)(2); No |
| | * | controlling legal question presented by |
| Defendant. | * | court's prior dismissal ruling; Motion denied. |

_____

**ORDER**
_____

*Joseph Ralph White,* White Law Firm, New Orleans, LA, for plaintiff.

*James D. Gette*, Environment Division, United States Department of Justice, Washington, D.C., with whom was Acting Assistant Attorney General *John C. Cruden*, for defendant.

**ALLEGRA, Judge:**

On November 6, 2009, this court granted, in part, and denied, in part, defendant's motion to dismiss this case. It held, *inter alia*, that plaintiff's permanent takings claims and certain of its temporary takings claims were time-barred under 28 U.S.C. § 2501, but that other temporary takings claims were timely. *Petro-Hunt, L.L.C. v. United States*, 2009 WL 3765495, at *8-13, 16 (Fed. Cl. Nov. 6, 2009). On November 23, 2009, plaintiff filed a motion for reconsideration under RCFC 59, seeking to overturn this court's permanent takings ruling. On November 30, 2009, the court denied this motion. On December 11, 2009, plaintiff filed a motion seeking entry of judgment, under RCFC 54(b), of its permanent takings claims and all other claims dismissed by the court, on the ground that there is no just reason for delay. In the alternative, plaintiff moved this court to modify its dismissal order to include the findings required by 28 U.S.C. § 1292(d)(2) and to certify the opinion for interlocutory appeal. On January 11, 2010, defendant filed its opposition to both aspects of plaintiff's motion.

Generally speaking, in order for a party to appeal from a judgment, that judgment must be final. *Nystrom v. TREX Co.*, 339 F.3d 1347, 1350 (Fed. Cir. 2003). The Supreme Court has defined a final judgment as a decision that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945); *see also Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978). An order granting partial dismissal does not meet this standard. *See, e.g., Thompson v. Betts*, 754 F.2d 1243, 1245-46 (5th Cir. 1985); *see also Knafel v. Pepsi Cola Bottlers of Akron, Inc.*, 850 F.2d 1155, 1159 (6th Cir. 1988). Accordingly, absent an exception to these rules, this court's November ruling is not immediately appealable. *See Silicon Image, Inc. v. Genesis Microchip, Inc.*, 395 F.3d 1358, 1362 (Fed. Cir.

2005); *Nystrom*, 339 F.3d at 1350. In an effort to seek immediate review, plaintiff invokes two of the recognized exceptions to the finality rule – it seeks the express entry of a judgment as to fewer than all of its claims under RCFC 54(b) or, in the alternative, a certification for interlocutory appeal under 28 U.S.C. § 1292(d)(2). The court will consider these potential avenues for an immediate appeal *seriatim*.

Initially, the court considers plaintiff's motion for the entry of judgment under RCFC 54(b). That rule provides – "When an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay." As its language suggests, in a multiple claims action, Rule 54(b) requires that there be separate claims, a final judgment as to those claims, and a determination of "no just reason for delay." *See Marseilles Hydro Power, LLC v. Marseilles Land and Water Co.*, 518 F.3d 459, 463 (7th Cir. 2008); *CAE Screenplates, Inc. v. Heinrich Fiedler GmbH & Co. KG*, 224 F.3d 1308, 1314 (Fed. Cir. 2000); *Aleut Tribe v. United States,* 702 F.2d 1015, 1020 (Fed. Cir. 1983); *Cherokee Nation of Okla. v. United States*, 23 Cl. Ct. 735, 737 (1991); *see also Brunswick Corp. v. Sheridan*, 582 F.2d 175, 182-83 (2d Cir. 1978). By virtue of such a certification, "an [o]rder dismissing one of several counts or parties may be converted to a final, appealable order;" "[f]ailing that, an [o]rder dismissing one of several counts remains interlocutory." *Florida Power & Light Co. v. United States*, 66 Fed. Cl. 93, 97 (2005); *see also Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956).

There is no bright-line test for determining whether claims are separate for purposes of Rule 54(b). *See Marseilles Hydro*, 518 F.3d at 464; 10 James Wm. Moore *et al.*, Moore's Federal Practice ¶ 54.22[2][b][ii] (3d ed. 2000). The following factors are oft-considered: (i) the extent of factual overlap; (ii) whether separate causes of action depend upon proof of different facts or have different burdens of proof; (iii) whether the application of *res judicata* considerations suggest that the claims are linked; and (iv) whether the multiple relief is for the same injury. *See Am. Sav. Bank, F.A. v. United States*, 83 Fed. Cl. 555, 557 (2008); *Klamath Irr. Dist. v. United States*, 69 Fed. Cl. 160, 164 (2005); *Adams v. United States*, 51 Fed. Cl. 57, 59 (2001). More importantly, the court must also "expressly determine that there is no just reason for delay." RCFC 54(b). The court should not invoke Rule 54(b) casually, but must find "some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Brunswick Corp.*, 582 F.2d at 183 (citations omitted); *see also iLOR, LLC v. Google, Inc.*, 550 F.3d 1067, 1072 (Fed. Cir. 2008). In this regard, the court "must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Corp.*, 446 U.S. 1, 8 (1980); *see also Sears, Roebuck*, 351 U.S. at 436-37 (application of the rule requires consideration of "the interest of sound judicial administration"). Because of the desire to promote judicial economy, the Supreme Court has stated that a district court should consider "whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright*, 446 U.S. at 8.

For its part, the Federal Circuit has emphasized that, under Rule 54(b), "piecemeal appeals are inappropriate in cases that should be given unitary review." *Intergraph Corp. v. Intel Corp.*, 253 F.3d 695, 699 (Fed. Cir. 2001); *see also Ultra-Precision Mfg., Ltd. v. Ford Motor Co.*, 338 F.3d 1353, 1359 (Fed. Cir. 2003). Such is plainly the case here. Certainly, unitary appellate review is desirable as to plaintiff's takings claims. Given the relationship between plaintiff's permanent and temporary takings claims (not to mention between the temporary takings claims that

were dismissed and those that were not), this court would be hard-pressed to continue with any aspect of this case while the appeal under RCFC 54(b) was pending. Indeed, recognizing the existence of overlapping facts, plaintiff has indicated that if this court permitted an immediate appeal, it would seek to stay the remainder of the case. In the interests of sound judicial administration – particularly, in a case in which, at the request of the parties, proceedings already were stayed for almost eight years to accommodate the completion of a related district court action – it seems wisest to proceed now with the remainder of the case.

In the alternative, plaintiff asks this court to amend its November 6, 2009, opinion to include the certification required by 28 U.S.C. § 1292(d)(2). The latter section provides, in relevant part:

> when any judge of the United States Court of Federal Claims, in issuing an interlocutory order, includes in the order a statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation, the United States Court of Appeals for the Federal Circuit may, in its discretion, permit an appeal to be taken from such order, if application is made to that Court within ten days after the entry of such order.

28 U.S.C. § 1292(d)(2). "It is well-accepted that interlocutory appeals under this section are reserved for 'exceptional' or 'rare' cases and should be authorized only with great care." *Klamath Irr. Dist.*, 69 Fed. Cl. at 161 (citing, *inter alia*, *Marriott Int'l Resorts, L.P. v. United States*, 63 Fed. Cl. 144, 145 (2004); *Testwuide v. United States*, 56 Fed. Cl. 755, 766 (2003)).[1]

In substance, section 1292(d)(2) provides a three-pronged test for certification: (i) there must be a "controlling question of law . . . involved;" (ii) there must be a "substantial ground for difference of opinion" regarding that question; and (iii) "immediate appeal . . . may materially advance the ultimate termination of the litigation[.]" *See Aleut Tribe,* 702 F.2d at 1019; *Klamath Irr. Dist.*, 69 Fed. Cl. at 162; *Jade Trading, LLC v. United States*, 65 Fed. Cl. 443, 446 (2005). This standard "is 'virtually identical' to the statutory standard of certification utilized by the United States district courts [under 28 U.S.C. § 1292(b)]." *Am. Mgmt. Sys., Inc. v. United States*, 57 Fed. Cl. 275, 276 (2003); *see also United States v. Connolly*, 716 F.2d 882, 885 (Fed. Cir. 1983), *cert. denied*, 465 U.S. 1065 (1984). The legislative history of section 1292(b) emphasizes that while interlocutory appeals may "avoid unnecessary delay and expense," they should not give rise to "groundless appeals and piecemeal litigation." Report of the Committee on Appeals from Interlocutory Orders of the District Courts, Sept. 23, 1953, *reprinted in* 1958 U.S.C.C.A.N., 85th Cong., 2d Sess., at 5260-61; *see also Northrop Corp. v. United States*, 27 Fed. Cl. 795, 799

---

[1] *See also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996) (holding in context of companion 28 U.S.C. § 1292(b) that "[r]outine resort [to interlocutory appeals] would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule" (internal quotations omitted)); *Westwood Pharm., Inc. v. Nat'l Fuel Gas Distrib. Corp.*, 964 F.2d 85, 89 (2d Cir. 1992) (courts must use "great care" in making a § 1292(b) certification).

(1993).[2]  The decision whether to certify an appeal is committed to the sound discretion of the trial judge.  *See Arthur Young & Co. v. U.S. Dist. Court*, 549 F.2d 686, 698 (9th Cir.), *cert. denied*, 434 U.S. 829 (1977); *D'Ippolito v. Cities Serv. Co.*, 374 F.2d 643, 649 (2d Cir. 1967).  Here, the court finds that none of the requirements for interlocutory appeal are satisfied.

      The first criterion requires that the decision must involve "a controlling question of law." 28 U.S.C. § 1292(d)(2).  Questions are "controlling" when they "materially affect issues remaining to be decided in the trial court."  *Marriott Int'l Resorts*, 63 Fed. Cl. at 145; *see also Jade Trading,* 65 Fed. Cl. at 447; *Pikes Peak Family Housing, LLC v. United States*, 40 Fed. Cl. 673, 686 (1998). Such is not the case here.  For one thing, this court's dismissal ruling is based primarily on jurisdictional facts that were found by the court and not on the resolution of any significant legal question concerning the accrual suspension rule or any other aspect of the Tucker Act's statute of limitations.  *See Petro-Hunt,* 2009 WL 3765495, at *11-12.[3]  If the Federal Circuit were to affirm this court's ruling, moreover, litigation on the remaining temporary takings claims, which focus on leasing activities distinct from the activities that gave rise to plaintiff's permanent takings claims, would still need to proceed.  The situation presented thus does not involve the sorts of questions on jurisdiction, limitations or the like, upon which an appellate court ruling could lead either to the resolution of the entire case or even the streamlining of further proceedings.  Indeed, it is conceivable that a significant recovery on the remaining temporary takings claims would cause plaintiff to forego an appeal of its other claims altogether.  In these circumstances, the court does not believe that its prior rulings involved a "controlling" question of law, at least in the sense meant by section 1292(d)(2).[4]

---

[2]  A leading treatise has described this balancing approach thusly –

> The advantages of immediate appeal increase with the probabilities of prompt reversal, the length of the district court proceedings saved by reversal of an erroneous ruling, and the substantiality of the burdens imposed on the parties by a wrong ruling. The disadvantages of immediate appeal increase with the probabilities that lengthy appellate consideration will be required, that the order will be affirmed, that continued district court proceedings without appeal might moot the issue, that reversal would not substantially alter the course of district court proceedings, or that the parties will not be relieved of any significant burden by reversal.

16 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice & Procedure § 3930 (2d ed. 1996).

[3]  The court has considered, but rejects, plaintiff's claim that this court's distinguishment of *Samish Indian Nation v. United States*, 419 F.3d 1355 (Fed. Cir. 2005), somehow provides a basis for an immediate appeal.

[4]  That the questions resolved by this court's opinion are important to plaintiff goes without saying, but does not alter this conclusion.  Were subjective importance to a given party alone dispositive of this factor, interlocutory appeals would neither be exceptional nor rare.  *See Klamath Irr. Dist.*, 69 Fed. Cl. at 160, 163 n.3.  That said, the importance of an issue may tip the balance in deciding whether to certify a close case that arguably meets the requirements for interlocutory appeal. *See, e.g., Klingman v. Levinson*, 114 F.3d 620, 628 (7th Cir. 1997).  But, the latter is not this case.

The second criterion concerns whether "there is a substantial ground for difference of opinion" on the controlling question of law. 28 U.S.C. § 1292(d)(2); *Marriott Int'l Resorts,* 63 Fed. Cl. at 146. The Federal Circuit has held that one basis for this "substantial ground" may be two different, but plausible, interpretations of a line of cases. *See Vereda, Ltda. v. United States*, 271 F.3d 1367, 1374 (Fed. Cir. 2001) (agreeing with trial court that "substantial ground for difference of opinion" was present regarding interaction between two Federal Circuit cases). More often, however, this criterion manifests itself as splits among the circuit courts, *see Marriott Int'l Resorts*, 63 Fed. Cl. at 146, an intracircuit conflict or a conflict between an earlier circuit precedent and a later Supreme Court case, *see Ins. Co. of the West v. United States*, 1999 WL 33604131, at *4 (Fed. Cl. Dec. 10, 1999), or, at very least, a substantial difference of opinion among the judges of this court, *see Hermes Consol., Inc. v. United States*, 58 Fed. Cl. 409, 419-20 (2003), *rev'd on other grounds*, 405 F.3d 1339 (Fed. Cir. 2005); *see also Jaynes v. United States*, 69 Fed. Cl. 450, 461 (2006). None of these circumstances exist here – as, again, the primary driver behind the court's dismissal ruling are not legal conclusions, but fact findings. Moreover, in the court's mind, there is not much room for debate here in terms of the application of the law to those facts – indeed, given the authorities stacked up against plaintiff's attempt to carve an exception to the normal limitation rules, any appeal relating to the dismissed claims would be a steep uphill battle, at best. Consequently, the second prong of the section 1292(d)(2) analysis is also not met here.

The third criterion under that analysis is whether certification of the controlling legal issue "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(d)(2). "Whether interlocutory review of this question would materially advance the resolution of this case," this court has stated, "depends in large part on considerations of 'judicial economy' and the need to avoid 'unnecessary delay and expense' and 'piecemeal litigation.'" *Coast Fed. Bank, FSB v. United States*, 49 Fed. Cl. 11, 14 (2001) (quoting *Northrop*, 27 Fed. Cl. at 800-01). Assuming, *arguendo*, plaintiff meets the first two criteria of section 1292(d)(2) – a stretch, to say the least – it plainly does not meet this last one. As discussed above, this court believes that an interlocutory appeal would not appreciably hasten the termination of this case and, more likely, would unduly delay the resolution of a case which has been pending for nearly a decade.

In sum, this court finds that this case is not a proper candidate for interlocutory review under either RCFC 54(b) or section 1292(d)(2). Rather, the proper course here is to resolve the remainder of plaintiff's case, wherever it may lead. Toward that end –

1. Plaintiff's "Motion for Entry of Judgment under Rule 54(b) or, in the Alternative, to Certify for Interlocutory Appeal" is hereby **DENIED**.

2. The court will schedule a status conference to discuss the joint status report and proposed discovery schedule filed by the parties on December 11, 2009.

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Judge