# In The United States Court of Federal Claims

No. 00-512L

(Filed: September 13, 2010)

_____

PETRO-HUNT, L.L.C.,

                Plaintiff,

     v.

THE UNITED STATES,

                Defendant.

_____

**ORDER**

_____

      On August 9, 2010, plaintiff filed a motion for leave to amend its complaint to add a claim for judicial taking.  On August 26, 2010, defendant responded to plaintiff's motion, stating that defendant does not oppose plaintiff's additional judicial takings claim, but opposed the incorporation of claims in the complaint that have been dismissed in this court's November 6, 2009, opinion.  In its reply, plaintiff stated that it reiterated previously dismissed claims in the amended complaint to preserve its right to appeal this court's dismissal of those claims.  While there is disagreement among the circuits on this point,[1] plaintiff need not replead previously dismissed claims in the amended complaint to preserve those claims for appeal.

      Plaintiff's motion for leave to amend its complaint is hereby **GRANTED**, in part, and **DENIED**, in part.  On or before September 17, 2010, plaintiff shall file its amended complaint without the claims dismissed in this court's November 6, 2009, opinion.

      **IT IS SO ORDERED.**

                                                      s/ Francis M. Allegra
                                                      Francis M. Allegra
                                                      Judge

---

[1] The Ninth Circuit requires that parties replead all claims, even those dismissed, in an amended complaint in order to preserve the issues for appeal.  *See, e.g.*, *Marx v. Loral Corp.*, 87 F.3d 1049 (9th Cir. 1996).  In contrast, the Second, Tenth and Eleventh Circuits do not consider it a waiver of right to appeal for parties to exclude claims already rejected by the district court in an amended complaint.  *See Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000); *Davis v. TXO Production Corp.*, 929 F.2d 1515, 1517-18 (10th Cir. 1991); *Dunn v. Air Line Pilots Ass'n*, 193 F.3d 1185, 1191 n.5 (11th Cir. 1999).