# In The United States Court of Federal Claims

No. 00-512L

(Filed: January 10, 2011)
_____

PETRO-HUNT, L.L.C.,

                Plaintiff,

        v.

THE UNITED STATES,

                Defendant.

## PROTECTIVE ORDER

      Based upon a joint motion filed by the parties Petro-Hunt L.L.C. (Plaintiff) and the United States (Defendant), the Court finds that certain information likely to be disclosed orally or in writing during this litigation may be competitively sensitive, proprietary, or otherwise protectable and that entry of a protective order pursuant to Rule 26(c)(1) of the Court of Federal Claims is necessary to safeguard the confidentiality of that information.  The parties have consented to and will comply with the terms and conditions of this protective order.

1. **Scope of Protective Order**.  This Protective Order governs the production and handling of documents, information, or data produced during discovery or otherwise given by one party to the other as a result of or during the course of the litigation that constitutes and is designated as Protected Material as defined in paragraph 3 of this Order.

2. **Persons Covered**.  This Protective Order shall apply to (i) both Plaintiff and Defendant and their subsidiaries, divisions, affiliates, counsel, agents, representatives, officers, directors, employees, and experts and (ii) any other person receiving or having access to Protected Material in the litigation produced by or on behalf of the Parties, who agree to be bound by the terms of this Protective Order.

3. **Definition of Protected Material**.  The term "Protected Material" as used in this order shall refer to confidential commercial, financial, trade secret, privileged, or competitively sensitive information, or confidential geological or geophysical information and data, including maps concerning wells, disclosed in written, electronic or oral form during proceedings in this case.

4. **Restrictions on Use of Protected Material**.  Protected Material shall be subject to the following restrictions:

    a.  Any material exchanged in discovery will be considered unprotected unless a party affirmatively represents that the material is protected as set forth in paragraph 7. A party seeking to include material under this Protective Order must follow the procedures provided herein for designating material as protected.

    b.  Protected Material shall be used only for the purpose of preparing for and conducting the litigation (including appeals), and not for any business or other purpose whatsoever. Protected Material may be given, shown, made available, or communicated only to those specified in paragraphs 5and 6 below if it is reasonably necessary that such Protected Material shall be given or shown for the purpose permitted under this paragraph. Protected Material may not be reproduced or duplicated except for the purpose of preparing or conducting litigation.

5. **Persons Permitted to Access Protected Material**.

    a.  Protected Material produced or filed by either party shall be disclosed, for the purposes set forth above, only to:

        i.  Inside counsel for the Parties, outside counsel of record, and "of counsel" for the Parties, and clerical, paralegal, and other staff employed by such counsel who are assisting in the conduct of this litigation;

        ii.  The Court and court personnel;

        iii.  Court reporters employed in connection with this action;

        iv.  Employees, agents and representatives of the Parties who have need for such information for purposes of this litigation;

        v.  Outside experts and consultants, retained by the parties;

        vi.  Deposition or trial witnesses, during or in preparation for deposition or trial, only where necessary to the testimony of such witnesses; and

        vii.  Any other person as to whom the Parties agree in writing.

    b.  Each individual covered under this Protective Order shall take all necessary precautions to prevent disclosure of protected material, including but not limited to physically securing, safeguarding, and restricting access to the protected material.

    c.  Protected Material may not be shown to, disclosed to, or used by persons described in this paragraph unless such person agrees to be bound by this Protective Order in accordance with paragraph 6 hereof, or there is either prior written agreement by the designating party or order of the Court.

d. Protected Material disclosed pursuant to 5(a) and paragraph 6 shall be treated in accordance with paragraph 11 when such Protected Material is no longer needed by the authorized individual or entity or upon final determination of this litigation, whichever comes first.

e. Nothing contained in this order shall prevent or in any way limit or impair the right of counsel for the defendant to disclose to any agency of the United States (including other divisions and branches of the Department of Justice) any document or information regarding any potential violation of law or regulation, which agency would also be bound by this Order, and subject to procedures that maintain the confidentiality of Protected Material consistent with this order, prevent or limit in any way the use of such documents and information by an agency in any proceeding regarding any potential violation of law or regulation.

6. **Conditional Access for Other Persons.**

   a. Each person given access to Protected Material pursuant to the terms hereof (other than the persons identified in paragraph 5(a)(i), (ii),(iii), and (iv) above) shall be advised that (i) the Protected Material being disclosed is subject to the terms of this Protective Order and may not be disclosed other than pursuant to the terms hereof; and (ii) that violation of the terms of the Protective Order will constitute contempt of court, if so ordered by a court of competent jurisdiction.

   b. Before any person (other than persons identified in paragraph 5(a)(i), 5(a)(ii), 5(a)(iii), and 5(a)(iv)) is given access to Protected Material, that person shall be shown a copy of this order and shall agree in writing to be bound by the provisions of this Protective Order by executing a declaration in the form attached as Exhibit A, or, if that person is a deposition or trial witness, by consenting on the record to agreement to be bound by the terms of this order. The attorney securing the declaration shall maintain a signed copy of the declaration in their possession until further order from the Court. The attorney securing the declaration shall also provide a copy of such declaration to the attorney of record for the other party.

   c. Deposition testimony that may contain Protected Material shall only be taken in front of persons who have agreed to be bound by this Protective Order. Deposition testimony deemed Protected by either party shall not be taken in front of individuals not subject to this order. Any deposition transcript which contains protected material shall bear a legend stating "**CONTAINS PROTECTED MATERIAL**."

   d. Either party may seek relief from the Court to cause a witness or person identified in paragraphs 5 and 6 to be bound by this, or any other order, deemed appropriate by the Court to protect the Protected Material.

    e.      The parties shall provide notice and make a reasonable attempt to resolve any dispute prior to seeking legal recourse.

7. **Identifying Protected Material.**  Protected Material must only be provided to the Court and the individuals permitted to access such information by the Protective Order.

    a.      Any documents filed with the Court that contain Protected Material shall be filed under seal in a sealed envelope bearing the following legend conspicuously placed on the outside of the envelope:

**PROTECTED MATERIAL ENCLOSED - NOT TO BE UNSEALED, EXAMINED, OR COPIED UNLESS IN ACCORDANCE WITH U.S. COURT OF EDERAL CLAIMS PROTECTIVE ORDER**

The first page of a document, including courtesy copies, containing Protected Material must contain a notice stating "**PROTECTED MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH UNITED STATES COURT OF FEDERAL CLAIMS PROTECTIVE ORDER**."

    b.      Any email or other electronic correspondence containing Protected Material shall contain the above legend in the body of the email and a notice in the subject line of the email stating in conspicuous type that it "**CONTAINS PROTECTED MATERIAL**."

    c.      Any document containing Protected Material shall be filed using the Court's electronic case filing system under the appropriate activity in the "**SEALED**" documents menu. If a document containing Protected Material is filed in paper form, the document must be sealed and labeled in accordance with paragraph 7(a). This provision also applies to pleadings or motions filed with the Court that contain Protected Material or excerpts or summaries of Protected Material.

    d.      Unless the parties otherwise stipulate or agree, any disclosure of Protected Material at trial or in any other court proceeding herein shall be made *in camera* and placed under seal by the Clerk of the United States Court of Federal Claims, so that it is not made a part of the public record herein.

8. **Waiver of Protection**.  A party may at any time waive the protection of this order with respect to any information it has designated as protected by advising the Court and other parties in writing and identifying with specificity the information to which this Protective Order will no longer apply.

9. **Protected Material Inadvertently Disclosed or Released.**  If any producing party inadvertently produces or discloses any Protected Material, without marking it with the appropriate legend, the producing party may give notice to the receiving party that the information should be treated in accordance with the terms of this Order, and shall forward appropriately labeled copies of the items in question.  Within five (5) days of the

receipt of substitute copies, the receiving party shall return the previously unmarked items and all copies thereof.  The inadvertent disclosure of Protected Material shall not be deemed a waiver of confidentiality, and such designation may be made as soon as possible after the discovery of the inadvertent production or disclosure.

10. **Contesting Status of Protected Material.**

    a. In the event a Party wishes to contest whether a document(s) produced by another Party is protected, such Party shall give notice in writing to the Party making the designation, stating the particular documents involved in the challenge or proposed disclosure and what protection, if any, the challenging party believes should be afforded to the documents involved in the challenge.

    b. In the event the parties are unable to resolve their disagreements regarding the protected nature of the material within a reasonable amount of time after receipt of the written notice, the party challenging the protected nature of the information or material may file an appropriate motion with the Court for disclosure of the challenged information.  The protected nature of the material shall be maintained until after the expiration of that reasonable time.  For purposes of this paragraph, a reasonable amount of time shall be ten days if a challenge relates to a limited number documents, 30 days if a challenge relates to a larger number of documents (e.g. more than a hundred pages), or such other time as may be agreed by the parties or ordered by the Court.  Nothing contained in this Order shall alter the burden that otherwise would apply of establishing the propriety of allowing or preventing disclosure.

11. **Disposition of Protected Material.**  The terms of this Protective Order shall continue to be binding throughout and after the conclusion of this Action, including any appeals, unless subsequently modified by agreement of the parties or order of the Court.  The Court shall retain jurisdiction of this matter for the purpose of enforcing this Protective Order.  Within thirty days after the conclusion of this Action, and any subsequent appeal(s), all Protected Material, when requested by the producing Party, shall be:

    a. returned to the counsel of the party that produced the Protected Material; or

    b. with the prior written agreement of the party which produced or generated the Protected Material, destroyed and certified as destroyed by the counsel of the party or witness to whom the material was produced.

    Protected Material may only be retained by a receiving party by order of this Court, for good cause shown, and only for a specified period of time.  The retaining party is obligated to destroy or return the records upon the expiration of the specified retention period.

12. **Right to Object Not Waived.**  The production or disclosure of material deemed Protected by a producing Party shall not waive or prejudice the right of the producing

    Party to object to the production or disclosure of other documents or information in this action or any other action.

13. **Compulsion of Protected Material.**

    a. Any of the parties receiving a subpoena or document demand in another action that seeks production of documents designated as Protected Material (i) shall immediately notify all parties; (ii) shall advise the party serving the subpoena or demand that the documents or information sought are subject to the protective order in this action; and (iii) if the other party objects, shall not disclose that information except by court order.

    b. Any agency of the United States having possession of documents designated as Protected Material pursuant to this Order shall promptly notify Plaintiff of its intent to disclose any of those documents under the Freedom of Information Act. Plaintiff will be given a reasonable amount of time to object to such disclosure, as provided by 28 C.F.R. § 16.8(f). After considering any objection to disclosure, the United States will provide Plaintiff with a final notice of its intent to disclose any such documents. The notice will include a specified disclosure date, which shall be a reasonable time subsequent to the notice. If Plaintiff asserts a legal challenge to the disclosure by filing suit in an appropriate federal court prior to the specified disclosure date, the United States will not disclose any such documents until the court rules on Plaintiff's legal challenge.

14. **Limitation on Scope of Protective Order.** This Protective Order shall not be construed to prevent the Parties from making use of, or disclosing any information which the Parties can prove: (a) was lawfully in the Parties' knowledge or possession prior to receipt of the Protected Material from or on behalf of the opposing Party; (b) was in the public domain prior to the receipt of the Protected Material by the Parties or hereafter becomes part of the public domain through no action of the Parties in violation of this Protective Order; and (c) was or is hereafter lawfully obtained form a source or sources other than the producing Party. Nothing in this Order shall prevent or limit any party from using or disclosing its own Protected Material for any purpose.

15. **Modification of Protective Order.** This Order is without prejudice to the right of any interested party to apply to the Court for an order permitting the disclosure of any Protected Material or to apply for any order modifying or limiting this Protective Order in any respect. Each Party hereto shall be entitled to seek modification of this Protective Order by application to the Court on notice to the other party hereto, and none of the Parties shall be deemed to have waived any rights to do so by having entered into this Protective Order.

    **IT IS SO ORDERED.**

                                                    s/Francis M. Allegra
                                                    Francis M. Allegra
                                                    Judge

# In The United States Court of Federal Claims

No. 00-512L
_____

PETRO-HUNT, L.L.C.,

       Plaintiff,

v.

THE UNITED STATES,

       Defendant.

## PROTECTIVE ORDER ACKNOWLEDGMENT

**IT IS HEREBY ORDERED** that this Protective Order shall control the handling of all Protected Material as designated by the Parties hereto unless and until this Court, for cause shown, rescinds, or modifies this order, or unless the Parties agree, in writing, to such rescission or modification, after giving notice to the Court.

Entered this the _____ day of _____, 2011.

DECLARATION OF _____

1. My name is_____
2. I have read the Protective Order dated _____ regarding Protected Material, and I agree to abide by and be bound by its terms and conditions.
3. I acknowledge receipt of a copy of said Protective Order entered by the Court in connection with the above-captioned matter.
4. I certify that I am eligible to have access to the Protected Material under paragraph 5 and/or 6 of the Protective Order.
5. I will comply with all provisions of the Protective Order.
6. I will hold all Protected Material and any duplicates, notes, abstracts, or summaries thereof in confidence, will not disclose such information to anyone not specifically entitled to access under the Protective Order, and will use the information solely for purpose of this litigation, except as provided or permitted by this Protective Order.
7. At the conclusion of this litigation, I will return all originals of Protected Materials and any duplicates, notes, abstracts, or summaries thereof, whether prepared by me or anyone else, to counsel for the party by whom I am employed or retained.