# In the United States Court of Federal Claims

No. 00-512L

(Filed:  May 30, 2012)

_____

| | | |
|---|---|---|
| PETRO-HUNT, L.L.C., | * | |
| | * | |
| | * | Takings action; Motion for reconsideration |
| Plaintiff, | * | under RCFC 59; 28 U.S.C. § 1500; Motion |
| | * | denied. |
| v. | * | |
| | * | |
| THE UNITED STATES, | * | |
| | * | |
| Defendant. | * | |
| | * | |

_____

## ORDER

_____

*J. Ralph White,* White Law Firm, New Orleans, LA, for plaintiff.

*William J. Shapiro*, Environment and Natural Resources Division, United States Department of Justice, Washington, D.C., with whom was Assistant Attorney General *Ignacia S. Moreno*, for defendant.

**ALLEGRA, Judge:**

On May 2, 2012, this court granted, in part, defendant's motion to dismiss plaintiff's complaint under RCFC 12(b)(1), holding that the prior filing of a district court action deprived this court of jurisdiction over some of plaintiff's claims under 28 U.S.C. § 1500.  *Petro-Hunt, L.L.C. v. United States*, 2012 WL 1571004 (Fed. Cl. May 2, 2012).  On May 29, 2012, plaintiff filed a motion for reconsideration under RCFC 59.  The court deems further briefing on this motion unnecessary.

To prevail on a motion for reconsideration under RCFC 59, the movant must identify a "manifest error of law, or mistake of fact." *Fru-Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 300 (1999) (quoting *Bishop v. United States*, 26 Cl. Ct. 281, 286 (1992)), *aff'd*, 250 F.3d 762 (Fed. Cir. 2000); *see also Alli v. United States*, 86 Fed. Cl. 33, 34 (2009); *Six v. United States,* 80 Fed. Cl. 694, 697 (2008).  Specifically, the moving party must show: (i) an intervening change in controlling law; (ii) the availability of previously unavailable evidence; or (iii) the necessity of granting the motion to prevent manifest injustice.  *Stovall v. United States*, 86 Fed.

Cl. 770, 771 (2009); *System Fuels, Inc. v. United States*, 79 Fed. Cl. 182, 184 (2007); *Stockton East Water Dist. v. United States*, 76 Fed. Cl. 497, 499-500 (2007).  The court has considerable discretion in ruling on a motion for reconsideration.  *See Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990); *see also Stovall*, 86 Fed. Cl. at 771; *Banks v. United States*, 84 Fed. Cl. 288, 291 (2008).  Nevertheless, granting such relief requires "a showing of extraordinary circumstances."  *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (citation omitted), *cert. denied*, 546 U.S. 826 (2005); see also *Stovall*, 86 Fed. Cl. at 772; *Alli*, 86 Fed. Cl. at 34.

Plaintiff argues that this court erred in dismissing its temporary takings claims.  It argues that, under *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545 (Fed. Cir. 1994) (en banc), section 1500 does not apply to the extent that a district court lacks jurisdiction over a claim filed prior to suit being filed in this court.  Plaintiff asserts that because the district court here lacked jurisdiction over its takings claims, section 1500 is, therefore, inapplicable.

In fact, though, a number of cases have held that the prohibition under section 1500 applies regardless of whether the district court has jurisdiction over the other action.  *See Franz Equipment v. United States*, 98 F. Supp. 579, 580 (Ct. Cl. 1951) ("The applicability of Sec. 1500 . . . is not conditioned upon the question of whether the District Court had jurisdiction of the claim asserted by the plaintiff therein . . . ."); *see also Pelligrini v. United States*, 103 Fed. Cl. 47, 52 (2012) ("Even if a claim is ultimately dismissed for lack of subject-matter jurisdiction, it was pending from the time it was filed until dismissal."); *Brandt v. United States*, 102 Fed. Cl. 72, 77 n.4 (2011) (holding that this jurisdictional argument "is without merit"); *Forsgren v. United States*, 73 Fed. Cl. 135, 142-43 (2006) (same).  These cases proceed from the notion that a lawsuit is "pending" under section 1500 whether *vel non* a district court has jurisdiction.  *See*, *e.g*., *Pelligrini v. United States*, 103 Fed. Cl. at 52.

To be sure, the Federal Circuit cast doubt on the continuing viability of *Franz Equipment* in *Eastern Shawnee Tribe of Oklahoma*, but its decision in that case was, in turn, reversed by the Supreme Court on the authority of the latter's opinion in *United States v. Tohono O'odham Nation*, 131 S. Ct. 1723 (2011).  *See Eastern Shawnee Tribe of Oklahoma v. United States*, 582 F.3d 1306, 1312 n.4 (Fed. Cir. 2009), *denying rehearing*, 598 F.3d 1326 (Fed. Cir. 2010), *vacated*, 131 S. Ct. 2872 (2011); *see also UNR Indus. Inc. v. United States*, 962 F.2d 1013, 1022 (Fed. Cir. 1992) (overruling *Brown v. United States*, 358 F.2d 1002, 1004 (Ct. Cl. 1966)), *aff'd*, *Keene Corp. v. United States*, 508 U.S. 200, 216 n.12 (1993).  To the extent that *Loveladies Harbor* may be read as establishing an analysis that hinges not on whether the prior district court action was still "pending," but rather on whether that court had jurisdiction over the matter, it cannot be viewed as still good law.  Neither the analysis of section 1500 in *Tohono*, nor that in *Keene*, is the least bit sensitive to whether the district court has jurisdiction over an action that remains "pending" when a successor suit is filed here.  *See Tohono O'odham Nation*, 131 S. Ct. at 1729; *Keene Corp. v. United States*, 508 U.S. 200, 210-14 (1993); *see also Trusted Integration Co., Inc. v. United States*, 659 F.3d 1159, 1166 n.2 (Fed. Cir. 2011).  Indeed, in both Supreme Court cases, it appeared that the district court lacked jurisdiction over the lawsuit that the Supreme Court concluded gave rise to the prohibition under section 1500.  *See Tohono*

*O'odham*, 131 S. Ct. at 1729; *Keene Corp.*, 508 U.S. at 204 (noting that the district court action had been dismissed for lack of jurisdiction).

Based on the foregoing, plaintiff's motion for reconsideration under RCFC 59 is hereby **DENIED**.

**IT IS SO ORDERED**.

s/ Francis M. Allegra
Francis M. Allegra
Judge