# In the United States Court of Federal Claims

No. 00-512L

(Filed:  January 8, 2013)
_____

| | |
|---|---|
| PETRO-HUNT, L.L.C., | * Judicial takings claim; Motion for |
| | * reconsideration under RCFC 54(b) and |
| | * 59(a)(1); Standard for reconsideration; |
| Plaintiff, | * *Central Pines* – application of 28 U.S.C. § |
| | * 1500 to supplemental complaint under |
| v. | * RCFC 15(d); *Central Pines* distinguishable |
| | * from case involving supplemental complaint |
| THE UNITED STATES, | * that raises entirely new claim; Motion |
| | * denied. |
| Defendant. | * |
| | * |
| | * |

_____

## OPINION
_____

*Joseph Ralph White,* White Law Firm, New Orleans, LA, for plaintiff.

*William James Shapiro*, Environment and Natural Resources Division, United States Department of Justice, Washington, D.C., with whom was Assistant Attorney General *Ignacia S. Moreno*, for defendant.

**ALLEGRA, Judge:**

On May 2, 2012, this court denied defendant's motion to dismiss the "judicial takings" claim alleged in plaintiff Petro-Hunt's supplemental complaint.  *See Petro-Hunt, L.L.C. v. United States*, 105 Fed. Cl. 37 (2012).  On October 18, 2012, defendant filed a motion to reconsider this ruling under RCFC 54(b) and 59(a), in light of the Federal Circuit's recent decision in *Central Pines Land Company, L.L.C. v. United States*, 697 F.3d 1360 (Fed. Cir. 2012).  Defendant argues that *Central Pines* holds that this court lacks jurisdiction over a supplemental complaint when the original complaint is barred by 28 U.S.C. § 1500.

Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  RCFC 54(b).  "RCFC 54(b), therefore, recognizes the principle that interlocutory orders may be modified by the issuing court at any time before a final

judgment is entered." *Stevens v. United States*, 2012 WL 2021740, at \*4 (Fed. Cl. June 4, 2012); *see also Wolfchild v. United States*, 68 Fed. Cl. 779, 784-85 (2005). Rule 59(a)(1) provides in relevant part that this court may grant a motion for reconsideration to any party as follows: "(A) for any reason for which a new trial has heretofore been granted in an action at law in federal court; [or] (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." RCFC 59(a)(1)(A)-(B). Taken together, these rules permit the court to depart from a prior ruling when, *inter alia*, there is "an intervening change of controlling legal authority, or when the prior decision is clearly incorrect and its preservation would work a manifest injustice." *Intergraph Corp. v. Intel Corp.*, 253 F.3d 695, 698 (Fed. Cir. 2001); *see also Smith Int'l Inc. v. Hughes Tool Co.*, 759 F.2d 1572, 1576 (Fed. Cir. 1985); *Starr Int'l Co., Inc. v. United States*, 2012 WL 4056242, at \*2 (Fed. Cl. Sept. 17, 2012); *Martin v. United States*, 101 Fed. Cl. 664, 670 (2011).

Defendant argues that *Central Pines* represents an intervening change in the law that obliges this court to reconsider its ruling that section 1500 does not require dismissal of plaintiff's "judicial takings" claim. It notes that, in *Central Pines*, the Federal Circuit rejected an argument that the plaintiff could cure a defective complaint by filing a supplemental complaint under RCFC 15, holding that "jurisdiction under § 1500 is dependent on the state of things when the action is brought, and cannot be rescued by subsequent action of either party or by resolution of the co-pending litigation." 697 F.3d at 1367. Based upon this analysis, the Federal Circuit concluded that this court "cannot retroactively acquire jurisdiction, via the filing of a supplemental complaint or otherwise, after a co-pending district court action is final," *id.*, adding that, in such a situation, "'[t]he suit must be dismissed and refiled to avoid § 1500.'" *Id.* (quoting *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1166 n.2 (Fed. Cir. 2011)).

As plaintiff points out, however, there are significant differences between the facts in *Central Pines* and those in this case. For one thing, the two complaints in *Central Pines* (the first in the district court, the second in this court) were "nearly identical complaints that, at best, repackaged the same conduct into different theories." *Central Pines*, 697 F.3d at 1365. That is certainly not the case here, in terms of the "judicial takings" claim. Moreover, the only fact that was added in the supplemental complaint filed in *Central Pines* – reflecting the resolution of a quiet title action – was relatively insignificant and neither gave rise to a new cause of action nor constituted a new "operative" fact under the claims previously pled. *Central Pines Land Co. v. United States*, 99 Fed. Cl. 394, 402 (2011); *see also Central Pines*, 697 F.3d at 1364. Reviewing the situation in *Central Pines*, this court, in its original opinion in this case, fully agreed with defendant that "[s]upplemental pleadings under RCFC 15(d) may not be used to cure jurisdiction by adding new facts to a preexisting cause of action that, as originally pled, was barred under section 1500." *Petro-Hunt*, 105 Fed. Cl. at 45. Indeed, in so concluding, the court specifically cited, as authority, the trial court's opinion in *Central Pines*, which raised the supplemental pleading argument eventually adopted by the Federal Circuit. *See id.* (citing *Central Pines*, 99 Fed. Cl. at 403-04).

In its earlier opinion, this court went on to explain, in detail, why the trial court's opinion in *Central Pines* was distinguishable from this case, and it did so, importantly for our purposes, based on a rationale that likewise distinguishes the Federal Circuit's more recent opinion. Thus,

this court noted that, unlike in *Central Pines*, the plaintiff here "filed a supplemental complaint that added an entirely new cause of action based upon a takings that allegedly occurred seven years after the filing of its original complaint." *Petro-Hunt*, 105 Fed. Cl. at 45. Citing a host of opinions, the court held that "a supplemental pleading that 'requires proof of independent operative facts peculiar to the transaction involved and constitutes a separate claim' does not relate back to the date the original complaint was filed for purposes of applying relevant statutes of limitation." *Id.* (quoting *Blau v. Lamb*, 191 F. Supp. 906, 906 (S.D.N.Y. 1961), *rev'd on other grounds*, 314 F.2d 618 (2d Cir.), *cert. denied*, 375 U.S. 813 (1963)). It concluded that "[t]he logic of these cases suggests that section 1500 ought not apply to the portion of a supplemental complaint that raises a new claim that 'requires proof independent operative facts' if, at the time the supplemental complaint is filed, no other suit involving that same claim is pending in another court." *Petro-Hunt*, 105 Fed. Cl. at 45. In support of this view, it noted that "plaintiff's judicial takings claim rests upon 'independent operative facts' that are not only unlike those in the first two complaints it filed in this case, but also unlike those that were operative in the claims that it originally pursued in the district court." *Id.*

    This last point, in many ways, resonates the most here, and for several reasons. First, the fundamental nature of the respective complaints here distinguishes them from those considered in *Central Pines*. Contrary to defendant's assertions, the latter case cannot be read to address how section 1500 applies in every situation involving a supplemental complaint under RCFC 15(d), let alone in a situation like this, in which an entirely new claim arose out of actions that post-date by years the filing of an initial complaint. The Federal Circuit did not consider anything remotely like this in *Central Pines*, but instead dealt with a case where there were nearly identical claims (even after the supplementation). Second, as this court has already noted, *Petro-Hunt*, 105 Fed. Cl. at 45, given the unique elements of plaintiff's "judicial takings" claim, a persuasive argument can be made that even if section 1500 applies here, it would not lead to the dismissal of that claim because the operative facts associated with that takings claim include key facts (*e.g.*, the opinions of the district court and the Fifth Circuit) that were neither pled nor even implicated by plaintiff's prior district court complaint. *See Trusted Integration*, 659 F.3d at 1168 (suggesting that the focus is on the "legally operative" facts); *see also W. Mgmt., Inc. v. United States*, 2012 WL 6177111, at *3 n.3 (Fed. Cir. Dec. 12, 2012); *U.S. Home Corp. v. United States*, 2012 WL 6582374 (Fed. Cl. Dec. 14, 2012). Finally, to the extent that *res judicata* principles play a role in the analysis here, *see, e.g.*, *United States v. Tohono O'odham Nation*, 131 S. Ct. 1723, 1730 (2011); *Trusted Integration*, 659 F.3d at 1168-69, the court sees no basis for concluding that the resolution of plaintiff's district court case somehow would preclude plaintiff's "judicial takings" claim under any version of that doctrine. *See id.* at 1170 (the evidence version of the *res judicata* test is not met if the "evidence [in the suit before this court] would be insufficient to establish the claims alleged in the district court complaint, and vice versa"). While not determinative in its own right, this is yet another signal that defendant is wrong. *See id.* at 1168-69.

The court has fully considered defendant's other arguments and rejects them all.[1]  Based on the foregoing, the court hereby **DENIES** defendant's motion for reconsideration under RCFC 54(b) and 59(a)(1).  The discovery schedule in this case remains in effect and will not be further altered.

        **IT IS SO ORDERED.**


s/Francis M. Allegra       
Francis M. Allegra
Judge

---

[1]  In its reply brief on its motion for reconsideration, defendant makes a statute of limitations argument, based on 28 U.S.C. § 2501, predicated on the notion that plaintiff's judicial takings claim arose in 2004, when the Fifth Circuit rendered its first opinion in the district court case.  *See Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 399 (5th Cir. 2004).  But, this court has already held that plaintiff's "judicial takings claim rests upon the Fifth Circuit's second opinion," which was rendered in 2007.  *Petro-Hunt*, 105 Fed. Cl. at 45 (referencing *Petro-Hunt, L.L.C. v. United States*, 2007 WL 715270 (5th Cir. Mar. 6, 2007)).  In arguing that the latter finding is wrong, defendant cites no intervening authority nor any other reason why this court should depart from normal law-of-the-case considerations.  *See Matthews v. United States*, 73 Fed. Cl. 524, 525 (2006) (reconsideration is "not intended, however, to give an 'unhappy litigant an additional chance to sway' the court" (quoting *Froudi v. United States*, 22 Cl. Ct. 290, 300 (1991))).  Accordingly, the court rejects this argument, as well.

4