# In the United States Court of Federal Claims

No. 00-512L

(Filed:  October 4, 2013)

_____

|  |  |  |
|---|---|---|
| PETRO-HUNT, L.L.C., | * | |
| | * | |
| | * | Denial of protective order; Fees and costs |
| Plaintiff, | * | under RCFC 37; Opportunity to be heard; |
| | * | Plaintiff's motion for protective order was |
| v. | * | not "substantially justified"; No |
| | * | circumstances make an award unjust; |
| THE UNITED STATES, | * | Attorney's fees awarded. |
| | * | |
| Defendant. | * | |
| | * | |

_____

**ORDER**

_____

*Joseph Ralph White,* White Law Firm, Oxford, MS, for plaintiff.

*William J. Shapiro*, Environment and Natural Resources Division, United States Department of Justice, Washington, D.C., with whom was Acting Assistant Attorney General *Robert G. Dreher*, for defendant.

**ALLEGRA, Judge:**

In this case, plaintiff has sued the United States for the alleged taking of certain mineral servitudes.[1] In the midst of discovery, on November 29, 2012, defendant requested documents related to plaintiff's acquisition of the subject property and financing documents related to the property, as part of its Third Request for Production of Documents No. 23.  Claiming that plaintiff's responses were deficient, on April 4, 2013, defendant moved to compel production of discovery, seeking a further response from plaintiff to defendant's requests.  On April 11, 2013, plaintiff filed a motion for a protective order and its opposition to defendant's motion to compel.

_____

[1] Regarding various issues previously resolved in this case, *see Petro-Hunt, LLC v. United States*, 108 Fed. Cl. 398 (2013); *Petro-Hunt, LLC v. United States*, 105 Fed. Cl. 132 (2012); *Petro-Hunt, LLC v. United States*, 105 Fed. Cl. 37 (2012); *Petro-Hunt, LLC v. United States*, 91 Fed. Cl. 447 (2010); *Petro-Hunt, LLC v. United States*, 90 Fed. Cl. 51 (2009).

Following more briefing on the motions, the court, on April 30, 2013, held a status conference to discuss the pending motions.  At that conference, the court and the parties came to various resolutions of the pending motions.  The court, however, admonished the parties that if future motions to compel or for a protective order were filed, it would enforce the provisions in the RCFC requiring, in appropriate circumstances, the imposition of costs and attorney's fees on the losing party.  Reflecting the discussions held at the conference, the court, on May 2, 2013, ordered, *inter alia*, plaintiff to confirm that no financing documents responsive to defendant's Third Request for Production No. 23 existed and, if such documents did exist, to file either a notice that it served those documents on defendant or a motion renewing its request for a protective order for those documents.

On May 28, 2013, plaintiff filed a renewed motion for a protective order, seeking an order "relieving Petro-Hunt of any further obligation of disclosure relating to" defendant's Third Request for Production of Documents No. 23.  On June 7, 2013, defendant filed an opposition to plaintiff's renewed motion.  On June 25, 2013, the court denied plaintiff's motion, and ordered defendant to file a statement of expenses incurred in opposing plaintiff's renewed motion.  On July 19, 2013, defendant filed such a statement, indicating that the expenses and attorney's fees incurred amounted to $4,360.12.

RCFC 37(a)(5)(B) states that if a discovery motion is denied, the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . reasonable expenses incurred in opposing the motion, including attorney's fees."  *See also* RCFC 26(c)(3).  It further provides that the court need not order this payment "if the motion was substantially justified or other circumstances make an award of expenses unjust."  RCFC 37(a)(5)(B).  As required by the rule, the court permitted plaintiff to file a brief regarding the reasonableness of defendant's statement of expenses, and addressing whether its renewed motion for a protective order was substantially justified or that other circumstances make an award of expenses unjust.[2]  On September 9, 2013, plaintiff filed that brief.

---

[2]   RCFC 37(a)(5)(B) does not require that the court give a party an oral hearing before awarding expenses and fees.  RCFC 37 parallels the structure and content of Federal Rule of Civil Procedure 37.  Until 1993, Federal Rule 37 did require an opportunity for a hearing.  However, in 1993, it was amended to require instead only "an opportunity to be heard."  The drafters of this amendment indicated that this was done "to make clear that the court can consider such questions on written submissions as well as oral hearing."  Fed. R. Civ. P. 37, Adv. Comm. Note to 1993 amendments to Rule 37.  And courts construing the new rule have so held.  *See Paladin Assocs. v. Montana Power Co.*, 328 F.3d 1145, 1164-65 (9th Cir. 2003); *Kehoe Component Sales, Inc. v. Best Lighting Prods., Inc.*, 2012 WL 113429, at *2 (S.D. Ohio Jan. 13, 2012);  *Bilyeu v. City of Portland*, 2008 WL 4912048, at *3 n.2 (D. Or. Nov. 10, 2008); *see also* 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288 (2010).

In its filing, plaintiff does not dispute the reasonableness of the expenses and fees claimed by defendant.  Rather, it contends that its prior motion was "substantially justified" and that circumstances make an award of the requested expenses unjust.  The court disagrees.

Under RCFC 37, a motion was "substantially justified" if it raised an issue about which there was a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.  *See* Fed. R. Civ. P. 37, Adv. Comm. Notes to 1970 amendments to Rule 37; *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Doe v. Lexington-Fayette Urban County Gov.*, 407 F.3d 755, 765-66 (6th Cir. 2005), *cert. denied*, 546 U.S. 1094 (2006); *see also* 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288 (2010).  In the court's view, plaintiff's second motion for a protective order was not substantially justified.  It was premised on the notion that plaintiff could redact information out of otherwise relevant documents – relating to the value of the mineral servitudes alleged to have been taken here – based upon plaintiff's view of what was relevant discovery.  The court, however, had made clear at the April 30, 2013, status conference that plaintiff's somewhat narrow view of what is relevant here did not conform to the relatively liberal standard of relevancy reflected in this court's rules.  *See* RCFC 26(b)(1); *see also, e.g.*, *Shakespeare Co. v. United States*, 389 F.2d 772, 777 (Ct. Cl. 1968) (to be discoverable, documents sought must be "reasonably calculated to lead to the discovery of admissible evidence"); *Vons Cos., Inc. v. United States*, 51 Fed. Cl. 1, 23 n.28 (2001).  Plaintiff's contrary view was not substantially justified.  In similar instances, other courts have concluded that the objection to a discovery request was not "substantially justified."  *See, e.g.*, *Burkett ex rel. Estate of Burkett v. AIG Claim Servs., Inc.*, 244 F.R.D. 328, 330-31 (N.D. W. Va. 2005); *Martinez v. Cornell Corrections of Texas*, 229 F.R.D. 215, 219 (D. N.M. 2005); *see also Burns v. Imagine Films Entm't, Inc.*, 164 F.R.D. 594, 598-99 (W.D.N.Y. 1996).

Plaintiff also argues that an award of attorney's fees here would be "unjust" because it filed its motion in good faith.  The "unjust" language in the rule is a safety valve that gives the court discretion to deny awards where a party advances a novel but credible extension of the law or equitable considerations dictate that an award should not be made.  *See Hyde & Drath v. Baker*, 24 F.3d 1162, 1172 (9th Cir. 1994); *Council for Tribal Employment Rights v. United States*, 110 Fed. Cl. 244, 251 n.10 (2013); *see also Scarborough v. Principi*, 541 U.S. 401, 422-23 (2004) (construing comparable language in 28 U.S.C. § 2412(d)(1)(A)); *Taylor v. United States*, 815 F.2d 249, 252-54 (3d Cir. 1987); *Martin v. Heckler*, 773 F.2d 1145, 1149 (11th Cir. 1985).  Among the considerations that might warrant the denial of fees is indication that the prevailing party on the motion also acted unjustifiably.  *See* Advisory Comm. Note to 1970 amendments to Rule 37; *Davis v. Jacob S. Ciborowski Family Trust*, 2012 WL 5904816, at *1 (D.N.H. Nov. 26, 2012); *Lorillard Tobacco Co. v. Elston Self. Serv. Wholesale Groceries, Inc.*, 259 F.R.D. 323, 328 (N.D. Ill. 2009).  Viewed in this fashion, this safety valve serves to ensure that "the severity of the sanction must be commensurate with the non-compliance." *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 140 (2d Cir. 2007); *Linde v. Arab Bank, PLC*, 269 F.R.D. 186, 195 (E.D.N.Y. 2010).

Plaintiff's choice to relitigate the relevancy question was not a "special circumstance" making an award of fees and expenses unjust.  *See Fakhri v. United States*, 507 F. Supp. 2d 1305, 1313-14 (Ct. Int'l Trade 2007) (award not "unjust" under 28 U.S.C. § 2412 where

government relitigated position twice rejected by Federal Circuit).  That plaintiff may have proceeded in "good faith" in doing so, does not, by itself, alter this conclusion.  Accepting plaintiff's claim that good faith conduct renders an award "unjust" would fundamentally change the nature of the rule, essentially engrafting thereon a "bad faith" precondition to the award of fees.  But, not having that requirement in Rule 37(a)(5)(B) is purposeful – the drafters of the Federal Rule, as well as this court's rule, plainly did not intend to limit the imposition of discovery sanctions to instances where a party proceeded in "bad faith."  *See* Advisory Comm. Note to 1970 amendments to Rule 37; *cf*. RCFC 11; 37(f).[3]

No other equitable considerations dictate that an award should not be made here. Accordingly, in this court's view, plaintiff has failed to establish any circumstances making the award of fees and expenses here unjust.

Accordingly, under RCFC 37(a)(5)(B), the court hereby awards defendant $4,360.12 for the reasonable expenses and attorney's fees it incurred in responding to plaintiff's May 28, 2013, motion for a protective order.  Said amount shall be paid no later than October 28, 2013.  On or before that date, plaintiff shall file a notice confirming that it has complied with this court's order.

**IT IS SO ORDERED**.

s/ Francis M. Allegra
Francis M. Allegra
Judge

---

[3]  Indication that the presence of "good faith" does not insulate a losing party from sanctions under Rule 37(a)(5)(B) may be found in cases that have imposed sanctions under that rule for negligent conduct.  *See Hyde & Drath v. Baker*, 24 F.3d at 1170-71; *Lewis v. Ryan*, 261 F.R.D. 513,  518-19 (S.D. Cal. 2009).